**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELE SHIREY; and DESTINY SHIREY,<br><br>   Plaintiffs,<br><br>   v.<br><br>COUNTY OF RIVERSIDE; MARTIN HUIZAR; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No. 5:25-cv-01541-DMG-E<br><br>*Hon. Dolly M. Gee*<br>*Hon. Mag. Judge Charles F. Eick*<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:<br>Date:   August 29, 2025<br>Time:   9:30 a.m.<br>Crtrm: 8C<br><br>**Complaint (with Demand for Jury Trial) Filed**: June 20, 2025<br>**Responsive Pleading Filed**: July 10, 2025<br>**Trial (Proposed)**: August 4, 2026 |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's July 11, 2025, Order setting the Scheduling Conference (Dkt. 14), the early meeting of counsel has been conducted between counsel for Plaintiffs and counsel for Defendants County of Riverside and Martin Huizar. The early meeting of counsel took place via telephone on July 23, 2025, and was attended by Benjamin Levine of the Law Offices of Dale K. Galipo, counsel for Plaintiffs, and Kayleigh Andersen of Manning & Kass, counsel for Defendants.

The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

**(a)  Statement of the Case**

<u>Plaintiffs' Summary</u>: Plaintiffs allege that, on July 4, 2024, Plaintiff Adele Shirey and her daughter, Plaintiff Destiny Shirey, were at their home with guests when a neighbor submitted a noise complaint. Defendant Martin Huizar, a Riverside County Sheriff's deputy, responded to Plaintiffs' home. Upon arriving, Defendant Huizar rang the doorbell before stepping away from the porch. Around that time, as one of Plaintiffs' guests was preparing to leave, the guest opened the front door, saw Defendant Huizar standing away from the porch, and began to close the door as he returned inside to summon Plaintiff Adele Shirey to address Defendant Huizar. Before the guest had fully closed the door, however, Defendant Huizar ran to the front door, forced it open, and stepped into the entry room inside Plaintiffs' home. Defendant Huizar had no warrant of any kind.

Plaintiff Adele Shirey approached and repeatedly demanded that Defendant Huizar exit her home and informed him that she would speak to him outside. Defendant Huizar refused to leave, telling her, "*I own your home right now.*" When Plaintiff Adele Shirey expressed incredulity at this statement, Defendant Huizar

grabbed her, slammed her against a wall, and proceeded to arrest her. Plaintiff Adele Shirey was unarmed and had made no verbal or physical threats of any kind, and no force against her was justified, nor was her warrantless detention and arrest inside her home. In bringing Plaintiff Adele Shirey to a Sheriff's vehicle, Defendant Huizar forced her to walk on a foot that had a preexisting injury, with a visible cast or brace on it, over her objections, and denied her access to important prescribed medications. While Plaintiff Adele Shirey was in a Sheriff's vehicle, having been arrested, Defendant Huizar and additional Riverside County Sheriff's deputies re-entered Plaintiffs' home, still with no warrant, where they detained and interrogated Plaintiff Destiny Shirey and Plaintiffs' guests for an extended period, during which time Defendant Huizar roamed around the inside of Plaintiffs' home. Based on this incident, Defendant Huizar caused groundless criminal charges to be filed against Plaintiff Adele Shirey, which were ultimately dismissed.

Plaintiffs bring causes of action under 42 U.S.C. § 1983 against Defendant Huizar and the other individual Defendants, whose names are currently unknown to Plaintiffs and who are identified in Plaintiffs' Complaint as Does, for unlawful entry, unlawful detention and arrest, excessive force, denial of medical care, and malicious prosecution. Plaintiffs also bring *Monell* claims against Defendant County of Riverside for failure to train and ratification. Plaintiffs also bring causes of action under state law against all Defendants for battery, negligence, and violation of the Bane Act, Cal. Civ. Code § 52.1.

All named defendants have been served and have answered the operative complaint.

Defendants' Summary:

On July 4, 2024, Riverside County Sheriff Deputy Huizar responded to a noise complaint at the residence of Plaintiffs Adele Shirey and her daughter, Destiney Shirey. Deputy Huizar approached the home and rang the doorbell. A minor male opened the door, and then immediately closed the door. Deputy Huizar proceeded to

open the front door and stepped into Plaintiffs' home. Upon entering, two minors began heading towards the back of the house.

Adele Shirey headed towards the front door and instructed Deputy Huizar to get out of her house. Deputy Huizar stepped back, and instructed Adele Shirey not to touch him. Adele Shirey continued to tell Deputy Huizar to get out of her house and lunged towards him. Deputy Huizar immediately apprehended and attempted to handcuff Adele Shirey. Adele Shirey resisted Deputy Huizar, until Deputy Huizar handcuffed her. Deputy Huizar subsequently put Adele Shirey in the back of his patrol unit.

Deputy Huizar and two other deputies headed towards the house to identify the minors. In plain view, Deputy Huizar saw alcohol on the kitchen table and proceeded to enter the home. Deputy Huizar took down the information of the four individuals, including Destiney Shirey. Upon completion of the interviews with the minors, Deputy Huizar returned to his patrol unit and informed Adele that she was under arrest. Adele Shirey was booked under Penal Code 148(a)(1), and 272 PC.

**(b)** **Subject Matter Jurisdiction**

Plaintiffs have filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiffs' claims under state law pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy.

**(c)** **Legal Issues**

1. Whether Defendant Huizar entered Plaintiffs' home lawfully, *i.e.*, with a warrant or valid warrant exception;
2. Whether Defendant Huizar detained Plaintiff Adele Shirey without reasonable suspicion;
3. Whether Defendant Huizar arrested Plaintiff Adele Shirey without probable cause;

4
JOINT RULE 26(f) REPORT

4. Whether Defendant Huizar used excessive force against Plaintiff Adele Shirey;
5. Whether the Defendant Deputies denied timely medical care to Plaintiff Adele Shirey;
6. Whether the Defendant Deputies detained Plaintiff Destiny Shirey without reasonable suspicion;
7. Whether the scope and manner of the Defendant Deputies' detention of Plaintiffs was reasonable;
8. Whether the Defendant Deputies caused the wrongful initiation of criminal charges against Plaintiff Adele Shirey;
9. Whether the County of Riverside improperly failed to train its deputies, and whether that failure to train was a moving force behind the constitutional violation(s) alleged;
10. Whether one or more County of Riverside officials who possessed final policymaking authority ratified the Defendant Deputies' actions and the reasons for them;
11. Whether the Defendant Deputies were negligent toward Plaintiffs;
12. Whether the Defendant Deputies violated the Bane Act;
13. The nature and scope of Plaintiffs' damages; and
14. Whether Plaintiffs are entitled to punitive damages.

**(d)** **Parties, Evidence, etc.**

*Parties*: The parties are Plaintiffs Adele Shirey and Destiny Shirey, and Defendants Martin Huizar, County of Riverside, and Does 1-10.

*Witnesses*: The percipient witnesses include Plaintiffs, County of Riverside Sheriff's Department officials and personnel present at the scene of the incident, and other civilian witnesses. Additional non-percipient witnesses may include expert witnesses and witnesses on Plaintiffs' damages. Given that discovery has not yet been completed, the parties have not yet identified all other witnesses.

*Key Documents Plaintiffs May Use*: The key documents will include County of Riverside Sheriff's Department records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence, as well as additional video recordings. Additional documents may include depositions of the parties and witnesses, and responses to written discovery.

*Key Documents Defendants May Use*: The key documents include Riverside County Sheriff's Department records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic and physical evidence. Additional documents include training records of the deputy defendants and training materials from the Riverside County Sheriff's Department. Additional documents may include depositions of the parties and witnesses, and responses to written discovery.

**(e)    Damages**

Plaintiffs claim general and special compensatory damages, according to proof at trial under federal and state law for their individual damages for the unlawful entry, their unlawful detention, Plaintiff Adele Shirey's unlawful arrest, and the pain and suffering and other noneconomic damages suffered by Plaintiffs. Plaintiffs also seek punitive and exemplary damages against the individual Defendant Deputies only. Plaintiffs also seek attorney's fees pursuant to 42 U.S.C. § 1988 and under state law, costs and interests incurred.

**(f)    Insurance**

The County of Riverside is permissibly self-insured per California Government Code § 990.

**(g)    Motions**

a.    *Procedural Motions*

There are no pending motions. Plaintiffs anticipate filing either a stipulation to name the currently unidentified individual deputies who are alleged to have liability, currently named in the Complaint as Does 1-10, once such identities become

available through initial discovery, or a motion to amend if a stipulation cannot be reached. Plaintiffs are hopeful that such amendment may be accomplished through stipulation. Aside from this, the parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue. The parties expect to file discovery motions as needed or to seek assistance from the Magistrate Judge via informal discovery conference.

During the course of litigation of this action, Defendants may file the following potential motions:

Discovery motions, potentially seeking monetary, evidence/issue, and/or terminating sanctions;

Motion for Judgment on the Pleadings and/or Motion to Dismiss;

Motion for summary judgment and/or partial summary judgment;

Motion for bifurcation of trial on punitive damages issues;

Motions *in limine*, potentially including *Daubert* motions *in limine*; and

Other pretrial and/or post-trial motions as may be appropriate.

The parties further anticipate bringing motions *in limine* based on the claims and damages remaining at trial.

**(h)   Dispositive Motions**

The parties have discussed potential motions and propose a deadline of May 12, 2026, to file dispositive motions. This proposed date is also set forth in Exhibit A attached hereto.

After a period of discovery, Plaintiffs may bring a motion for summary judgment or adjudication on one or more claims. If such a motion is brought, Plaintiffs will adhere to the Court's requirements for motions for summary judgment.

Defendants anticipate filing a motion for summary judgment, including on the grounds of qualified immunity for the deputy defendant.

The parties agree and request that for any motion made pursuant to F.R.C.P. 56, the opposing party shall have two weeks to prepare and file their opposition

papers and that the moving party shall have two weeks to prepare and file their reply papers.

**(i)     Manual for Complex Litigation**

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

**(j)     Status of Discovery**

Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties agree to exchange initial disclosures on or before August 6, 2025. As of the time of the drafting of this report, written discovery requests have not yet been propounded and deposition dates have not yet been set.

**(k)     Discovery Plan**

The parties have discussed the anticipated discovery and propose a discovery schedule set forth in "Exhibit A" attached hereto. This schedule was compiled based upon the trial calendars of counsel and their evaluation of the parties' discovery needs.

Plaintiffs anticipate serving written discovery regarding County records regarding the incident and taking the depositions of County of Riverside and Riverside Sheriff's Department personnel who were involved in the entry into Plaintiffs' home; the detention of Plaintiffs; and the use of force against, arrest of, and initiation of criminal charges against Plaintiff Adele Shirey. Plaintiffs also plan to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiffs anticipate serving written interrogatories, requests for admission, and requests for production of documents.

Defendants intend to propound written discovery regarding Plaintiffs' medical and mental health history, Plaintiffs' criminal history, Plaintiffs' requested damages and his calculation of damages, and discovery related to witnesses that may have knowledge regarding the incident at issue in the operative Complaint. Defendants anticipate taking the depositions of the Plaintiffs, percipient witnesses, and expert

witnesses to the extent appropriate. There may be additional issues that arise in the course of this litigation that defendants may also explore through discovery.

The parties may also take the depositions of any experts or witnesses identified by the other.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time, except that Plaintiffs may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules, if Plaintiffs learn through discovery that there were more County of Riverside personnel who were present during relevant events and may be material witnesses than Plaintiffs would otherwise be able to depose.

**(l)    Discovery Cut-off**

The parties propose a non-expert discovery cut-off of March 31, 2026, which is also as set forth in Exhibit A hereto.

**(m)    Expert Discovery**

The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on April 14, 2026; Rebuttal Expert Disclosure on April 28, 2026; and Expert Discovery Cut-off of May 5, 2026. The dates for Initial and Rebuttal Expert Disclosure are also set forth in Exhibit A attached hereto.

The parties will simultaneously exchange their expert reports.

**(n)    Settlement Conference / Alternative Dispute Resolution (ADR)**

    a.    *Prior Discussions*

The parties have not had substantive settlement discussions. The parties are amenable to engaging in initial settlement discussions following a period of discovery.

    b.    *ADR Selection*

The parties are agreeable to participating in ADR Procedure No. 2 (appearance

before neutral selected from Court's Mediation Panel). If mediation is unsuccessful, the parties are also amenable to participating in a Settlement Conference before a Magistrate Judge.

**(o) Trial**

a. *Proposed Trial Date*

The parties propose a trial start date of August 4, 2026. This date reflects the anticipated scope of fact discovery; the need for expert discovery; the potential for the filing, hearing, and resolution of dispositive motions filed by one or both parties; and lead trial counsel's current trial calendars for 2026.

b. *Time Estimate*

The parties estimate the trial will take approximately five to seven court days. This estimate reflects the anticipated need for testimony from the parties, percipient witnesses, and one or more experts for each side.

c. *Jury or Court Trial*

The parties request a trial by jury.

d. *Magistrate Judge*

The parties do not consent to try the case before a magistrate judge.

**(p) Trial Counsel**

Dale K. Galipo will be lead trial counsel for Plaintiffs. Eugene P. Ramirez will be lead trial counsel for Defendants.

**(q) Independent Expert or Master**

The parties agree that this case does not require an independent expert or master.

**(r) Schedule Worksheet**

The required Schedule of Pretrial and Trial Dates Worksheet is attached hereto as Exhibit A.

**(s) Other Issues**

The parties stipulate to electronic service of discovery.

The parties may seek entry of a stipulated protective order governing use of sensitive materials produced in discovery in this action.

Respectfully submitted,

Dated: July 23, 2025  **LAW OFFICES OF DALE K. GALIPO**

By _____/s/ Benjamin S. Levine_____
Dale K. Galipo
Benjamin S. Levine[1]
*Attorneys for Plaintiffs*

Dated: July 23, 2025  **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By _____/s/ Kayleigh Andersen_____
Eugene P. Ramirez
Kayleigh Andersen
*Attorneys for Defendants*

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Judge Dolly M. Gee

**SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET**

Case No. 5:25-cv-01541-DMG-E

Case Name: Adele Shirey et al. v. County of Riverside et al.

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL**   [ ] Court  [✓] Jury<br>Duration Estimate: 5-7 days | Aug. 4, 2026<br>(Tuesday)[3] | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br>4 wks before trial | July 7, 2026<br>(Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | Dec. 27, 2025 |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | Mar. 31, 2026 |
| Motion Cut-Off   (filing deadline) | at least 13 wks before FPTC | May 12, 2026 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | Apr. 14, 2026 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | Apr. 28, 2026 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | May 5, 2026 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | June 9, 2026 |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | June 16, 2026 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | June 23, 2026 |
| Other Dates: (e.g., class cert motion cut-off, early mediation, etc.) |  | N/A |

**EXHIBIT A**

---

[3]Trials commence on Tuesdays.  Final pretrial conferences are held on Tuesdays.