**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELE SHIREY; and DESTINY SHIREY, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF RIVERSIDE; MARTIN HUIZAR; JARED ANDERSON; JACOB FONTANA; SON LY; and DOES 4 through 10, inclusive, <br><br> Defendants. | Case No. 5:25-cv-01541-DMG-E <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> 1. Fourth Amendment, Unlawful Entry (42 U.S.C. § 1983) <br> 2. Fourth Amendment, Unlawful Detention and Arrest (42 U.S.C. § 1983) <br> 3. Fourth Amendment, Excessive Force (42 U.S.C. § 1983) <br> 4. Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983) <br> 5. Fourth and Fourteenth Amendments, Malicious Prosecution (42 U.S.C. § 1983) <br> 6. Municipal Liability, Failure to Train (42 U.S.C. § 1983) <br> 7. Municipal Liability, Ratification (42 U.S.C. § 1983) <br> 8. Battery <br> 9. Negligence <br> 10. Bane Act (Cal. Civ. Code § 52.1) <br><br> **DEMAND FOR JURY TRIAL** |

*"[T]he overriding respect for the sanctity of the home . . . has been embedded in our traditions since the origins of the Republic."*

*Payton v. New York*, 445 U.S. 573, 602 (1980).

## INTRODUCTION

1.      This case concerns basic guarantees under the Fourth Amendment and California law to be secure from government invasion of one's home and person.

2.      On July 4, 2024, responding to a mere noise complaint, Defendant MARTIN HUIZAR, while on duty and working in his capacity as a Sheriff's Deputy for Defendant COUNTY OF RIVERSIDE, barged into Plaintiffs' home, through the front door, with no warrant or valid warrant exception.

3.      When Plaintiff ADELE SHIREY confronted HUIZAR, asked him to leave her house, and told him she would speak with him outside, HUIZAR refused and told her, **"I own your house."** When ADELE SHIREY expressed disbelief, HUIZAR grabbed her, slammed her into her wall, arrested her, and took her to jail. During this time, at least one additional COUNTY OF RIVERSIDE sheriff's deputy, including Defendant JARED ANDERSON, also entered Plaintiffs' home, with no warrant or valid warrant exception.

4.      Defendant COUNTY OF RIVERSIDE, as HUIZAR's and the other deputies' employer, is vicariously liable for the individual defendants' conduct under California law. Additionally, under the shocking circumstances of this case, Defendant COUNTY OF RIVERSIDE's failure to train the individual defendants regarding basic requirements of the Fourth Amendment is obvious, such that the COUNTY OF RIVERSIDE is also individually liable for these defendants' constitutional violations.

5.      Through this civil rights and state tort action, Plaintiffs seek compensatory and punitive damages from Defendants for their outrageous violations of Plaintiffs' rights, and seek to hold Defendants accountable for same.

## **JURISDICTION AND VENUE**

6.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district and because, on information and belief, all Defendants reside in this district.

## **PARTIES**

8.      At all relevant times, Plaintiff ADELE SHIREY was an individual residing in Winchester, California, in the County of Riverside. ADELE SHIREY seeks all available damages under federal and state law, including compensatory damages.

9.      At all relevant times, Plaintiff DESTINY SHIREY was an individual residing in Winchester, California, in the County of Riverside. DESTINY SHIREY seeks all available damages under federal and state law, including compensatory damages.

10.      At all relevant times, Defendant COUNTY OF RIVERSIDE ("COUNTY") is and was a municipal corporation existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Riverside County Sheriff's Department ("RCSD") and its agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the COUNTY and its

employees and agents complied with the laws of the United States and of the State of California. At all relevant times, COUNTY was the employer of some or all of Defendants MARTIN HUIZAR, JARED ANDERSON, JACOB FONTANA, SON LY, and DOES 4-10.

11. Defendant MARTIN HUIZAR ("HUIZAR") is a sheriff's deputy for the COUNTY working for the RCSD at the time of this incident. HUIZAR was acting under color of law within the course and scope of his employment with the COUNTY and RCSD at all relevant times. HUIZAR was acting with the complete authority and ratification of his principal, Defendant COUNTY.

12. Defendant JARED ANDERSON ("ANDERSON") is a sheriff's deputy for the COUNTY working for the RCSD at the time of the incident. ANDERSON was acting under color of law within the course and scope of his employment with the COUNTY and RCSD at all relevant times. ANDERSON was acting with the complete authority and ratification of his principal, Defendant COUNTY

13. Defendant JACOB FONTANA ("FONTANA") is a sheriff's deputy for the COUNTY working for the RCSD at the time of the incident. FONTANA was acting under color of law within the course and scope of his employment with the COUNTY and RCSD at all relevant times. FONTANA was acting with the complete authority and ratification of his principal, Defendant COUNTY

14. Defendant SON LY ("LY") is a sheriff's deputy for the COUNTY working for the RCSD at the time of the incident. LY was acting under color of law within the course and scope of his employment with the COUNTY and RCSD at all relevant times. LY was acting with the complete authority and ratification of his principal, Defendant COUNTY

15. Defendants DOES 4-10 are sheriff's deputies for the COUNTY, by and through its RCSD ("DOE DEPUTIES"). At all relevant times, DOE DEPUTIES were acting under color of law within the course and scope of their duties as officers for the RCSD; and were acting with the complete authority and ratification of their

principal, Defendant COUNTY.

16.    On information and belief, Defendants HUIZAR, ANDERSON, FONTANA, LY, and DOE DEPUTIES were residents of the County of Riverside, California at all relevant times.

17.    In doing the acts, failings, and/or omissions as hereinafter described, Defendants HUIZAR, ANDERSON, FONTANA, LY, and DOE DEPUTIES were acting on the implied and actual permission and consent of Defendant COUNTY.

18.    The true names and capacities, whether individual, corporate, association or otherwise of Defendant DOES 4-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this compliant to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

19.    Defendants DOES 4-10 are sued in their individual capacities.

20.    At all times mentioned herein, each and every Defendant, including DOES 4-10, was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

21.    All of the acts complained of herein by Plaintiffs against Defendants, including DOES 4-10, were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting with the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained herein.

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

22.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

23.     On or about July 4, 2024, Plaintiff ADELE SHIREY and her daughter, Plaintiff DESTINY SHIREY, were at their home in Winchester, California, hosting a small group of friends in their backyard. The gathering was calm, with conversation at a normal, unremarkable volume.

24.     Nevertheless, Plaintiffs' neighbor registered a noise complaint with law enforcement. On information and belief, this neighbor was a serial noise complainant and was known by law enforcement, including Defendants, to frequently register frivolous noise complaints.

25.     Based on the noise complaint, Defendant HUIZAR responded to Plaintiffs' home. HUIZAR stood outside, approximately 15 feet away from and to the side of the front door.

26.     While HUIZAR was standing outside, one of Plaintiffs' guests was preparing to leave for the evening. The guest opened the front door, saw HUIZAR standing off to the side, and began returning inside in order to advise Plaintiff ADELE SHIREY that a law enforcement officer was outside of her home and that she should speak with him.

27.     As Plaintiffs' guest was closing the home's front door behind him, HUIZAR ran to the door, forced it open, and stepped through the doorway and into Plaintiffs' home.

28.     HUIZAR had no warrant of any kind. Neither Plaintiffs nor any other occupant of Plaintiffs' home voiced or otherwise indicated any consent for HUIZAR's entry into the home. And no exigency existed that might otherwise allow for HUIZAR's warrantless entry.

29.     Plaintiff ADELE SHIREY approached the front door area, advised

HUIZAR that he was standing inside of her home, and demanded that he exit, stating that she would speak to him outside.

30.    Despite Plaintiff's demand, HUIZAR refused to leave her home, stating, "I own your house right now."

31.    Plaintiff ADELE SHIREY continued to insist that HUIZAR exit her home, and HUIZAR continued to refuse, insisting that he speak with her inside of the home. By this time, Plaintiff DESTINY SHIREY and several of Plaintiffs' guests had gathered in the front room of the house and observed the encounter.

32.    When Plaintiff ADELE SHIREY then raised her hands up toward her head in exasperation, HUIZAR grabbed her, slammed her against an inside wall, turned her around, pulled her outside the home, forced her against an outdoor wall, handcuffed her, and placed her under arrest. After handcuffing her, HUIZAR continued to force Plaintiff ADELE SHIREY against the outdoor wall.

33.    Plaintiff ADELE SHIREY had committed no crime and posed no threat of harm to HUIZAR or anyone else at the time of HUIZAR's uses of force and arrest. ADELE SHIREY had made no aggressive movements, made no furtive movements that would suggest to a reasonable officer that she was attempting or intending to inflict harm to HUIZAR or anyone else, and she was unarmed.

34.    On information and belief, HUIZAR had no information that ADELE SHIREY had committed any crime, had any criminal history, or had ever physically harmed anyone.

35.    During this incident, Plaintiff ADELE SHIREY had a pre-existing foot injury, having torn a ligament two days earlier, necessitating medical treatment and causing her to wear a cast, which was visible on her foot during this incident.

36.    Plaintiff ADELE SHIREY advised HUIZAR that she had a broken foot. Nevertheless, HUIZAR forced her to walk to a police vehicle on her injured foot and refused to allow her to retrieve medication she had been prescribed related to her foot injury or allow it to be retrieved for her.

37.    When Plaintiff ADELE SHIREY was in custody in the back of a police vehicle, additional RCSD deputies arrived at Plaintiffs' home, including ANDERSON, FONTANA, LY, and some or all of DOES 4-10, and HUIZAR returned to the home with them.

38.    With Plaintiff DESTINY SHIREY and Plaintiffs' guests present, HUIZAR re-entered and proceeded to walk through Plaintiffs' home, despite the occupants' protests, and ANDERSON also stepped inside through the front door. Additional deputies, including FONTANA, LY, and some of all of DOES 4-10, stood outside on the porch, observed HUIZAR and ANDERSON enter the home, and said nothing. No deputy had any warrant.

39.    HUIZAR, ANDERSON, FONTANA, LY, and DOES 4-10 then proceeded to detain DESTINY SHIREY and the other ocupants inside of the home, remaining on the porch while HUIZAR and other deputies summoned DESTINY SHIREY and the other occupants outside one-by-one to interrogate them about what had occurred at the home that evening. On information and belief, no *Miranda* warnings were issued prior to or during any of these interrogations.

40.    Plaintiff DESTINY SHIREY observed this entire encounter with HUIZAR, including observing HUIZAR manhandle and slam her mother against the wall, and causing DESTINY SHIREY to experience serious emotional distress.

41.    HUIZAR and, on information and belief, some or all of ANDERSON, FONTANA, LY, and DOES 4-10 then took Plaintiff ADELE SHIREY to jail, where she was booked and was held for an extended period, despite having clearly committed no crime.

42.    On information and belief, HUIZAR prepared a police report falsely stating that Plaintiff ADELE SHIREY had obstructed HUIZAR in the performance of a lawful duty.

43.    On information and belief, HUIZAR submitted, or caused to be submitted, such police report to the County of Riverside District Attorney's office.

44.    Through this submissions of a false report, HUIZAR wrongfully caused the District Attorney's office to file groundless criminal charges against Plaintiff ADELE SHIREY, and such criminal charges were filed against her.

45.    Plaintiffs were required to provide bail to secure Plaintiff ADELE SHIREY's release from jail.

46.    Criminal charges based on Defendant HUIZAR's false report remained pending against Plaintiff ADELE SHIREY for multiple months before they were ultimately dismissed.

47.    As a result of Defendants' conduct, Plaintiff ADELE SHIREY suffered significant physical pain and suffering, as well as embarrassment, humiliation, and emotional distress.

48.    As a result of Defendants' conduct, Plaintiff DESTINY SHIREY suffered significant emotional distress, as well as embarrassment and humiliation.

49.    At all relevant times, Defendants HUIZAR, ANDERSON, FONTANA, LY, and DOES 4-10 acted within the course and scope of their employment with the County of Riverside, and under color of state and local law.

50.    On or around December 31, 2024, Plaintiffs filed comprehensive and timely claims for damages with the County of Riverside pursuant to the applicable sections of the California Government Code. Said claims were denied on January 13, 2025.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment – Unlawful Entry (42 U.S.C. § 1983)

### All Plaintiffs against Defendants HUIZAR, ANDERSON and DOES 4-10

51.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

52.    Defendants entered Plaintiffs' home without a warrant.

53.    Plaintiffs did not consent to Defendants' entry into their home, verbally

9

or otherwise. Rather, Plaintiffs' clearly repeatedly objected to Defendants' entry into the home.

54.    No exigency justified Defendants' warrantless entry into Plaintiffs' home. Defendants were at the home responding to a noise complaint and had no probable cause to believe any crime had been committed, let alone any serious crime.

55.    By entering Plaintiffs' home without a warrant or valid warrant exception, Defendants violated Plaintiffs' right to be free from unlawful entry into their home, guaranteed to Plaintiffs under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

56.    As a result of Defendants' unlawful entry into Plaintiffs' home, Plaintiffs suffered emotional distress, embarassment, and humiliation.

57.    The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights of Plaintiffs therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants.

58.    As a result of their violation of Plaintiffs' Fourth Amendment rights, Defendants are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983, including for mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

59.    Plaintiffs also seek attorney's fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

**Fourth Amendment – Unlawful Detention and Arrest (42 U.S.C. § 1983)**

**All Plaintiffs against Defendants HUIZAR, ANDERSON, FONTANA, LY, and DOES 4-10**

60.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

61.    HUIZAR, ANDERSON, FONTANA, LY and DOES 4-10 did not

1    observe any crime committed during the incident, including by ADELE SHIREY.

2    62.    When HUIZAR grabbed Plaintiff ADELE SHIREY, she was not free to

3    leave. HUIZAR subsequently placed Plaintiff ADELE SHIREY under arrest,

4    handcuffing her, placing her in the back of a police vehicle, and transporting her to

5    jail.

6    63.    HUIZAR had no reasonable suspicion upon which to detain ADELE

7    SHIREY, and no probable cause to arrest her for any crime. The detention and arrest

8    were unlawful.

9    64.    HUIZAR's detention and arrest of ADELE SHIREY was further

10   unlawful in that, at the time he detained and arrested her, he was unlawfully inside of

11   her home, and physically removed her from her home in the course of arresting her.

12   65.    In addition to the detention and arrest being unreasonable, the scope and

13   manner of same were also unreasonable, as it was not necessary to use any force

14   against ADELE SHIREY, let alone the significant force HUIZAR used against her.

15   66.    After ADELE SHIREY's arrest, HUIZAR, ANDERSON, FONTANA,

16   LY, and DOES 4-10 detained DESTINY SHIREY when they stood at her front

17   doorstep, refusing to allow the door to be closed, and demanded she submit to

18   questioning. At this time, DESTINY SHIREY was not free to leave.

19   67.    HUIZAR, ANDERSON, FONTANA, LY, and DOES 4-10 had no

20   reasonable suspicion upon which to detain DESTINY SHIREY. The detention was

21   unlawful.

22   68.    HUIZAR, ANDERSON, and DOES 4-10's detention of DESTINY

23   SHIREY was further unlawful in that, at the time they detained her, they were

24   unlawfully inside of her home.

25   69.    As a result of their misconduct, the Defendant Officers are liable for

26   Plaintiffs' injuries, either because they were integral participants in the wrongful

27   detention and arrest, or because they failed to intervene to prevent these violations.

28   70.    As a result of Defendants' unlawful detention and arrest of Plaintiffs,

Plaintiffs suffered emotional distress, embarassment, and humiliation.

71.    The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights of Plaintiffs therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants.

72.    As a result of their violation of Plaintiffs' Fourth Amendment rights, Defendants are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

73.    Plaintiffs also seek attorney's fees and costs under this claim.

### THIRD CLAIM FOR RELIEF

**Fourth Amendment – Excessive Force (42 U.S.C. § 1983)**

**Plaintiff ADELE SHIREY against Defendant HUIZAR**

74.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

75.    At the time Defendant HUIZAR used force against Plaintiff ADELE SHIREY, ADELE SHIREY had not committed any crime, did not pose any threat of harm to HUIZAR or others, and was unarmed.

76.    Defendant HUIZAR provided no verbal warning to Plaintiff ADELE SHIREY that he would use force against her prior to using force.

77.    The unreasonable use of force by Defendant HUIZAR deprived Plaintiff ADELE SHIREY of her right to be secure in her person against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

78.    As a result, Plaintiff ADELE SHIREY suffered extreme pain and suffering and injury.

FIRST AMENDED COMPLAINT FOR DAMAGES

79.    As a result of the conduct of Defendant HUIZAR, he is liable for Plaintiff ADELE SHIREY's injuries because he was an integral participant in the use of excessive force.

80.    The conduct of Defendant HUIZAR was willful, wanton, malicious, and done with reckless disregard for the rights of Plaintiffs therefore warrants the imposition of exemplary and punitive damages as to Defendant HUIZAR.

81.    As a result of his violation of Plaintiff ADELE SHIREY's Fourth Amendment rights, Defendant HUIZAR is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

82.    Plaintiffs also seek attorney's fees and costs under this claim.

### FOURTH CLAIM FOR RELIEF

**Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983)**

**Plaintiff ADELE SHIREY against Defendants HUIZAR, ANDERSON, FONTANA, LY, and DOES 4-10**

83.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

84.    Defendants HUIZAR and DOES 4-10, in forcing Plaintiff ADELE SHIREY to walk on her injured foot and denying her access to her prescribed medications, denied her important medical care, exacerbating her pain and suffering experienced as a result of Defendants' conduct.

85.    Further, on information and belief, Defendants did not provide or offer medical attention to Plaintiff ADELE SHIREY during the incident, despite Defendant HUIZAR slamming her against a wall, causing her head to strike the wall.

86.    The denial of medical care by Defendants deprived ADELE SHIREY of

her right to be secure in her persons against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

87.    As a result, ADELE SHIREY suffered significant mental and physical pain, exacerbated as a result of the failure ot provide medical care.

88.    The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights of Plaintiffs therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants.

89.    As a result of their violation of Plaintiff ADELE SHIREY's Fourth Amendment rights, Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

90.    Plaintiffs also seek attorney's fees and costs under this claim.

## FIFTH CLAIM FOR RELIEF

**Fourth and Fourteenth Amendments – Malicious Prosecution (42 U.S.C. § 1983)**

**Plaintiff ADELE SHIREY against Defendants HUIZAR and DOES 4-10**

91.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

92.    By preparing and submitting a police report representing that Plaintiff ADELE SHIREY had committed a crime in purportedly resisting or obstructing a law enforcement officer performing his official duties, Defendants HUIZAR and DOES 4-10 initiated or caused to be initiated criminal charges against ADELE SHIREY.

93.    Such report, and these allegations, lacked any legitimate basis.

94.    Defendants initiated or caused to be initiated criminal charges against ADELE SHIREY with malice and without probable cause.

95.   A criminal charge was filed against Plaintiff ADELE SHIREY based, on information and belief, on Defendants' report(s).

96.   The criminal charge was dismissed in Plaintiff ADELE SHIREY's favor.

97.   The conduct of Defendants HUIZAR and DOES 4-10 was willful, wanton, malicious, and done with reckless disregard for the rights of Plaintiff therefore warrants the imposition of exemplary and punitive damages as to these Defendants.

98.   As a result of the violation of Plaintiff ADELE SHIREY's Fourth and Fourteenth Amendment rights, Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for past and future mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

99.   Plaintiffs also seek attorney's fees and costs under this claim.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

### All Plaintiffs against Defendant COUNTY

100.   Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

101.   Defendants HUIZAR, ANDERSON, FONTANA, LY and DOES 4-10 acted under color of law. The acts of said Defendants deprived Plaintiffs of their particular rights under the United States Constitution.

102.   The negligent and unjustified warrantless entry, detention, arrest, and use of force by Defendants HUIZAR, ANDERSON, FONTANA, LY, and DOES 4-10 was a result of the negligent training by the Defendant COUNTY, who failed to train COUNTY deputies as to the warrant requirement, proper detention and arrest procedures, proper police tactics, and proper use of force. COUNTY was responsible

for the training of COUNTY deputies to ensure that the actions, procedures, and practices of said Defendants complied with Peace Officer Standards and Training (POST) training standards regarding proper police tactics, and proper use of deadly force.

103.   COUNTY negligently failed to train COUNTY deputies to comply with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers.

104.   The training policies of COUNTY were not adequate to train its sheriff's deputies to handle the usual and recurring situations with residents that said Defendants have contact with.

105.   The training policies of the COUNTY were deficient in the following ways:

   a) The COUNTY failed to properly train COUNTY sheriff's deputies regarding the constitutional requirement to have a warrant, issued by a court based on a finding of probable cause, before entering a home, and regarding the narrow exceptions to the warrant requirement and their applicability.

   b) The COUNTY failed to properly train COUNTY sheriff's deputies regarding the constitutional requirement that, when attempting to detain or arrest an individual, they may do so only in a location they are lawfully occupying.

   c) The COUNTY failed to properly train COUNTY sheriff's deputies regarding the requirement of reasonable suspicion in order to detain members of the public and the requirement of probable cause to conduct an arrest.

   d) The COUNTY failed to properly train COUNTY sheriff's deputies

so that deputies do not escalate their interactions with members of the public and do not overreact and resort to use of force when the use of force was not necessary.

e) The COUNTY failed to properly train COUNTY sheriff's deputies regarding the accurate and complete preparation of police reports, and regarding the likelihood that reports will be used by prosecuting authorities in determining whether to pursue criminal charges following an arrest.

f) The COUNTY failed to properly train COUNTY sheriff's deputies in the use of effective communication prior to using force. Because of the lack of proper training by the COUNTY, Defendant HUIZAR did not use effective communication prior to and during the use of force against Plaintiff ADELE SHIREY.

106. Under the egregious and singular circumstances alleged herein, the foregoing deficiencies in the COUNTY's training of its sheriff's deputies are self-evident and obvious given the conduct of Defendants HUIZAR, ANDERSON, FONTANA, LY, and DOES 4-10.

107. The failure of Defendant COUNTY to provide adequate training caused the deprivation of Plaintiffs' rights by Defendants HUIZAR, ANDERSON, FONTANA, LY and DOES 4-10; that is, Defendant COUNTY's failure to train is so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

108. Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

109. By reason of the aforementioned acts and omissions of Defendant COUNTY, Plaintiffs have suffered significant pain and suffering, emotional distress, embarrassment, and humiliation.

110. As a result of their violation of Plaintiffs' rights, Defendant COUNTY is

liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

111.   Plaintiffs also seek attorney's fees and costs under this claim.

## SEVENTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

### All Plaintiffs against Defendant COUNTY

112.   Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

113.   Defendants HUIZAR, ANDERSON, FONTANA, LY, and DOES 4-10 acted under color of law. The acts of said Defendants deprived Plaintiffs of their particular rights under the United States Constitution.

114.   On information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants HUIZAR, ANDERSON, FONTANA, LY, and DOES 4-10, ratified these Defendants' acts and the bases for them. The final policymaker knew of and specifically approved of these Defendants' acts.

115.   On information and belief, a final policymaker has determined that the acts of Defendants HUIZAR, ANDERSON, FONTANA, LY, and DOES 4-10 were "within policy."

116.   By reason of the aforementioned acts and omissions of Defendant COUNTY, Plaintiffs have suffered significant pain and suffering, emotional distress, embarrassment, and humiliation.

117.   As a result of their violation of Plaintiffs' rights, Defendant COUNTY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983, including for

past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

118.    Plaintiffs also seek attorney's fees and costs under this claim.

## EIGHTH CLAIM FOR RELIEF

**Battery (Cal. Gov. Code § 820 and California Common Law)**

**Plaintiff ADELE SHIREY against Defendants HUIZAR and COUNTY**

119.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

120.    Defendant HUIZAR, while working as a sheriff's deputy for the COUNTY and acting within the course and scope of his duties, without warning, intentionally grabbed Plaintiff ADELE SHIREY inside of her home and slammed her against a wall.

121.    Defendant HUIZAR had no legal justification for using any force against ADELE SHIREY, let alone this significant force, and said Defendant's use of force while carrying out his duties was an unreasonable use of force, especially since ADELE SHIREY was not an imminent threat to HUIZAR or anyone else, had committed no crime, and was inside of her own home.

122.    Defendant HUIZAR's use of force was also unreasonable because there were less intrusive options readily available.

123.    By reason of the aforementioned acts and omissions of Defendant HUIZAR, Plaintiff has suffered significant pain and suffering, emotional distress, embarrassment, and humiliation.

124.    Defendant COUNTY is vicariously liable for the wrongful acts of Defendant HUIZAR pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees

1 within the scope of the employment if the employee's act would subject him or her to
2 liability.

3    125.   As a result of their violation of Plaintiffs' rights, Defendants are liable to
4 Plaintiff for compensatory damages under California law, including for past and
5 future physical pain and mental suffering, loss of enjoyment of life, disfigurement,
6 physical impairment, inconvenience, grief, anxiety, humiliation, and emotional
7 distress; past and future medical expenses; and lost income and earning capacity.

8                           **NINTH CLAIM FOR RELIEF**

9        **Negligence (Cal. Gov. Code § 820 and California Common Law)**

10                    **All Plaintiffs against All Defendants**

11    126.   Plaintiffs repeat and reallege each and every allegation in the foregoing
12 paragraphs of this Complaint with the same force and effect as if fully set forth
13 herein.

14    127.   The actions and inactions of Defendants were negligent, including but
15 not limited to:

16        a) Forcibly entering Plaintiffs' home with no warrant or valid warrant
17            exception, when no crime was in progress, when responding only to a
18            noise complaint.

19        b) Failing to exit Plaintiffs' home when Plaintiff ADELE SHIREY
20            demanded HUIZAR do so and offered to speak with him outside.

21        c) As to HUIZAR, willfully escalating the situation inside the home by
22            responding to ADELE SHIREY's objections by provacatively and
23            outrageously stating, without any legal basis, "I own your house right
24            now."

25        d) The failure to properly and adequately assess the need to detain,
26            arrest, and use force.

27        e) As to HUIZAR, arresting and using significant force against ADELE
28            SHIREY without any legitimate basis, when he knew additional

deputies were already on the way, such that they could have assisted in any legitimate law enforcement functions should any have been necessary.

f)  The negligent failure to provide and or summon prompt medical care to ADELE SHIREY.

g)  Detaining Plaintiff DESTINY SHIREY without any legitimate basis.

h)  Failing to exit Plaintiffs' home a second time when Plaintiff DESTINY SHIREY demanded HUIZAR and ANDERSON do so and offered to speak with them outside.

i)  Failure to properly train and supervise employees, including Defendants HUIZAR, ANDERSON, FONTANA, LY, and DOES 4-10.

128.  By reason of the aforementioned acts and omissions of Defendants, Plaintiffs have suffered significant pain and suffering, emotional distress, embarrassment, and humiliation.

129.  Additionally, when Defendant HUIZAR's negligence caused physical injury to Plaintiff ADELE SHIREY, Plaintiff DESTINY SHIREY was present and observed same, and was aware that her mother, ADELE SHIREY, was being injured.

130.  As a result of being present at the scene and observing her mother, ADELE SHIREY, being injured by HUIZAR, Plaintiff DESTINY SHIREY suffered serious emotional distress, including but not limited to suffering anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

131.  An ordinary person would be unable to cope with seeing her mother being manhandled, baselessly arrested, and slammed into a wall by the police, especially at her own home.

132.  Defendant COUNTY is vicariously liable for the wrongful acts of Defendants HUIZAR, ANDERSON, FONTANA, LY, and DOES 4-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public

entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

133.   As a result of their violation of Plaintiffs' rights, Defendants are liable to Plaintiffs for compensatory damages under California law, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

## TENTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

### All Plaintiffs against All Defendants

134.   Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

135.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (including by the use of unconstitutionally excessive force, unlawful detention, and unlawful arrest).

136.   The Bane Act, the United States Constitution, the California Constitution, and California common law prohibit the unlawful entry into the home, use of excessive force, wrongful detention and arrest, and denial of medical care by law enforcement.

137.   Defendants HUIZAR, ANDERSON, FONTANA, LY, and DOES 4-10 violated Plaintiffs' constitutional rights by unlawfully entering their home and wrongfully detaining them and, as to Plaintiff ADELE SHIREY, wrongfully arresting her, using excessive force against her, and denying her medical care. All of these were done intentionally and with the specific intent to violate Plaintiffs' constitutional rights, as demonstrated by Defendants' clear reckless indifference to such rights. All save the inital unlawful entry were further done in retaliation for

1 Plaintiff ADELE SHIREY's exercise of her constitutional rights, including in

2 protesting HUIZAR's initial entry into her home.

3     138.   Defendant HUIZAR's use of force was excessive and unreasonable

4 under the circumstances. Further, HUIZAR did not give a verbal warning or any

5 commands prior to grabbing Plaintiff ADELE SHIREY and slamming her against a

6 wall, despite being feasible to do so.

7     139.   The conduct of Defendants HUIZAR, ANDERSON, FONTANA, LY,

8 and DOES 4-10 was a substantial factor in causing the harm, losses, injuries, and

9 damages of Plaintiffs.

10     140.   By reason of the aforementioned acts and omissions of Defendants,

11 Plaintiffs have suffered significant pain and suffering, emotional distress,

12 embarrassment, and humiliation.

13     141.   Defendant COUNTY is vicariously liable for the wrongful acts of

14 Defendants HUIZAR, ANDERSON, FONTANA, LY, and DOES 4-10 pursuant to

15 section 815.2(a) of the California Government Code, which provides that a public

16 entity is liable for the injuries caused by its employees within the scope of the

17 employment if the employee's act would subject him or her to liability.

18     142.   As a result of their violation of Plaintiffs' rights, Defendants are liable to

19 Plaintiffs for compensatory damages under California law, including for past and

20 future physical pain and mental suffering, loss of enjoyment of life, disfigurement,

21 physical impairment, inconvenience, grief, anxiety, humiliation, and emotional

22 distress; past and future medical expenses; and lost income and earning capacity.

23     143.   The conduct of Defendant HUIZAR was malicious, wanton, oppressive,

24 and accomplished with a conscious disregard for the rights of Plaintiff ADELE

25 SHIREY, entitling Plaintiffs to an award of exemplary and punitive damages as to

26 Defendant HUIZAR.

27     144.   Plaintiffs also seek costs and statutory attorney fees under this claim.

28

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ADELE SHIREY and DESTINY SHIREY request entry of judgment in their favor and against Defendants COUNTY OF RIVERSIDE, MARTIN HUIZAR, JARED ANDERSON, JACOB FONTANA, SON LY, and DOES 4-10, inclusive, as follows:

A. For compensatory damages under federal and state law, in an amount to be proven at trial;

B. For other general damages in an amount according to proof at trial;

C. For other non-economic damages in an amount according to proof at trial;

D. For other special damages in an amount according to proof at trial;

E. For punitive damages against the individual defendants in an amount to be proven at trial;

F. Attorney's fees pursuant to 42 U.S.C. § 1988;

G. Attorney's fees and costs pursuant to Cal. Civ. Code § 52.1(h)

H. For interest;

I. For reasonable costs of this suit; and

J. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: October 7, 2025   **LAW OFFICES OF DALE K. GALIPO**


By: _  /s/ Dale K. Galipo_____
  DALE K. GALIPO
  BENJAMIN S. LEVINE
  Attorneys for Plaintiffs

FIRST AMENDED COMPLAINT FOR DAMAGES

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiffs named herein hereby demand a trial by jury.

DATED: October 7, 2025                    **LAW OFFICES OF DALE K. GALIPO**


By:      _/s/ Dale K. Galipo_
DALE K. GALIPO
BENJAMIN S. LEVINE
Attorneys for Plaintiffs

FIRST AMENDED COMPLAINT FOR DAMAGES